# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| BETTY JO COOLEY | ) |

The Government and the defendant, **BETTY JO COOLEY**, hereby acknowledge the following stipulated plea agreement in this case

## STIPULATED PLEA AGREEMENT

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above-numbered and -captioned matter; and (ii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees upon the Court's acceptance of the defendant's **stipulated sentence of cap of ten (10) months imprisonment** in this case, and further recommends the disposition specified below, subject to the conditions in section **VII** and **VIII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Falsification of Records, in violation of Title 18, United States Code, Section 1519, as charged in **COUNT ONE** is:

    A. Imprisonment for not more than twenty years;

    B. A fine of not more than 250,000.00, or;

    C. Both (a and b);

    D. Supervised release of not more than three years; and

    E. Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On September 26, 2022, Individual #1 was a pre-trial detainee held in the A Dorm of the Walker County Jail (Jail). Officer Jones and defendant **COOLEY** were working as correctional officers on one of the day shifts. During her duties, a dispute arose between Individual #1 and defendant **COOLEY** regarding cell assignments in the cell where Individual #1 was housed. Individual #1 was argumentative, but was posing no threat to defendant **COOLEY,** Jones, himself, or any other detainee.

In response to Individual #1's arguing, Jones struck Individual #1 in the face more than once with a can of O.C. spray that he carried with him resulting in a laceration to his face. At the time, no force was reasonably necessary to manage

Individual #1 (nor was there a threat posed by any other inmate). Thus, no legitimate law enforcement objective justified Jones striking Individual #1 in the face with a metal can. The force of the blows broke the lever or trigger on the can, dispersing O.C. spray throughout the cell causing physical irritation to Individual #1, Jones, and defendant **COOLEY**. The physical irritation required de-contamination of all involved.

Thereafter, Jones wrote a false incident report designed to cover up both his own unreasonable use of force and defendant **COOLEY's** actions. The report falsely indicated that Individual #1 advanced on defendant **COOLEY** in a way that justified Jones blocking an attack by Individual #1, which resulted in Individual #1 accidentally contacting Jones' can of OC spray resulting in deployment of spray in the cell. The report was designed to suggest that minimal defensive action was taken by Jones in response to an attack by Individual #1, when in fact Jones was the aggressor and no amount of force would have been justified at that time. The unnecessary use of force occurred in the presence of defendant **COOLEY**.

Once Jones wrote his report, defendant **COOLEY** asked Jones to cut and paste his narrative into a report, which defendant **COOLEY** adopted as her official description of events, knowing the narrative to be false, and intending to hide the truth from other law enforcement authorities, including those authorities from the federal government that she knew to investigate allegations of abuse committed under color of law against pre-trial detainees, thereby obstructing any possible investigation.

*[signature: Betty Jo Cooley]*
BETTY JO COOLEY

### III.  STIPULATED SENTENCE

Pursuant to Rule 11(c)(1)(C), *Fed.R.Crim.P.*, the Parties stipulate that a total sentence of **cap of ten (10) months imprisonment** is the appropriate disposition in this case. This agreement does not affect the Court's discretion to impose any lawful fine or set any lawful conditions of supervised release not otherwise

stipulated to in this agreement. In the event the Court rejects this plea agreement, either Party may elect to declare the agreement null and void. Should the defendant so elect, the defendant will be afforded the opportunity to withdraw her guilty plea (and associated plea agreement), pursuant to the provisions of Rule 11(d)(2)(A), *Fed.R.Crim.P.*

IV. **WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

    A. **STATUTE OF LIMITATIONS WAIVER**

**In consideration of the recommended disposition of this case, I, BETTY JO COOLEY, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161,** *et seq.*, **that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

    A. **RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

**In consideration of the recommended disposition of this case, I, BETTY JO COOLEY, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture**

orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute.

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further

acknowledges and understands that the Government retains its right to appeal where authorized by statute.

B.  WAIVER OF RULE 410, RULE 11, AND SECTION 1B1.8(a)

The defendant agrees that if she fails to comply with any of the provisions of this agreement, including the failure to tender such agreement to the district

court, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in the agreement), the government will have the right to characterize such conduct as a breach of the agreement. In the event of such a breach, the defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by her

pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

Revised November 2009

I, BETTY JO COOLEY, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*[Signature: Betty Jo Cooley]*
**BETTY JO COOLEY**

## V.     UNITED STATES SENTENCING GUIDELINES

Defendant=s counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.    AGREEMENT BINDING ON COURT

Pursuant to Rule 11(c)(1)(C), *Fed.R.Crim.P.*, the stipulated sentence set forth in Section III **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT**. The defendant may withdraw her plea of guilty, pursuant to Rule 11(d)(2), *Fed.R.Crim.P.*, if the Court rejects the plea agreement under Rule 11(c)(5).

However, as to any other terms and/or conditions of the sentence (apart from the term of imprisonment), the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommendation(s) by the Parties are **NOT BINDING ON THE COURT**.

Further, the defendant understands that if the Court does not accept the Parties' recommendations as to any terms and/or conditions other than the term of imprisonment, she does not have the right to withdraw her plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970),

(c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

The defendant further understands and agrees that if at any time, the government determines that the defendant has 1) falsified, concealed, covered up, or omitted a material fact; 2) made any false, fictitious, or fraudulent statement or representation; or 3) otherwise provided material information or evidence that is not full, complete, and accurate, the obligations of the government under the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. In that event, the government may also prosecute the defendant for false statements, perjury, or obstruction of justice and use any admissions made by the defendant at any time, including during plea negotiations, for any purpose. Further, such election will not

Revised November 2009

entitle the defendant to withdraw her previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATION

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other

parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation

Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

### XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

### XII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant's

guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

## XIII. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of fifteen (15) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all the provisions of this plea agreement, both individually and as a total binding agreement.

10-25-24
DATE

*Betty Jo Cooley*
BETTY JO COOLEY
Defendant

### XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

10/25/2024
DATE

MIKE WHISONANT, SR.
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

**PRIM F. ESCALONA**
United States Attorney

10/28/24
DATE

*Michael A. Royster*
**MICHAEL A. ROYSTER**
Assistant United States Attorney

**KRISTEN CLARKE**
Assistant Attorney General
Civil Rights Division

10/28/24
DATE

*Mark Blumberg by MAR*
**MARK BLUMBERG**
Special Legal Counsel
Civil Rights Division

10/28/24
DATE

*Andrew Cherry by MAR*
**ANDREW CHERRY**
Trial Attorney
Civil Rights Division