# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 6:24-CR-415-ACA-JHE |
| | ) | |
| **BETTY JO COOLEY** | ) | |

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

COMES NOW the Defendant, Betty Jo Cooley, by and through her attorney, Michael W. Whisonant, Sr. and respectfully moves this Honorable Court to Depart Downward from the United States Sentencing Guideline imprisonment range stated in the Presentence Investigation Report (herein after PSR) and in support of said motion says as follows:

### Background

On March 5, 2025, the United States Probation Office released a PSR which reflected a Total Offense Level of 18 and a Criminal History Category of I with a resulting guideline imprisonment range of 27 months to 33 months.

### Offense Conduct

The PSR in this case recites the Offense Conduct in paragraphs 5 through 11. In summary this case is about the falsification of records, specifically an incident report at the Walker County Jail. The victim in this case was an adult.

1

## Discussion

The defendant moves for a downward departure from the U.S. Sentencing Guidelines imprisonment range base upon §5K2.20, Aberrant Behavior. A downward departure may be warranted in an exceptional case if:

(1) the defendant's criminal conduct, meets the requirements of subsection (b); and

(2) the departure is not prohibited under subsection (c).

Does the defendant's criminal conduct meet the requirements of subsection (b)?

Subsection (b) states:

"The Court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represent a marked deviation by the defendant from an otherwise law-abiding life.

 (1) In the present case the defendant is charged with signing a false document that she did not prepare. There is no evidence she consulted with Officer Jones or planned what to say in the report. Mrs. Cooley simply signed the report, there was no significant planning.

(2) The incident was of limited duration. This was a single occurrence. Mrs. Cooley signed one false report.

(3) The incident represented a marked deviation by the defendant from an otherwise law-abiding life. Mrs. Cooley is by all accounts a law-abiding citizen, who has no criminal history. She worked as a correctional officer for the Walker County Sheriff's Office for more than twenty (20) years. There are no other instances of falsehood or dishonesty reported. Retired Lt. Richard DeJesus worked with Mrs. Cooley at the Walker County Sheriff's Office for 15 years. He wrote a character letter for Mrs. Cooley stating that she always strived to do the right thing in any situation. She was always honest and trustworthy. Clearly this one incident was a marked deviation from her otherwise law-abiding life.

Mrs. Cooley is not prohibited from a departure under subsection §5K2.20(c). Section (c) sets out four conditions which would make a person ineligible for a downward departure. They are addressed as follows:

(1) The offense involved a serious bodily injury or death. §5K2.20(c).

§1B1.1, Application Note (M) defines a serious bodily injury as "an injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring

medical intervention such as surgery, hospitalization, or physical rehabilitation."

In the present case, the victim inmate was struck in the face by Officer Scott causing a cut to his face. While this is a bodily injury, it does not rise to the level of a serious bodily injury as defined in the application note.

(2) The defendant discharged a firearm or otherwise used a firearm or a dangerous weapon.

No firearm was used in the present case. The only weapon Officer Scott used was a can of O.C. spray.

§1B1.1, Application Note (E) defines a dangerous weapon as (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (e.g., a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)"

The O.C. spray can is not a dangerous weapon within the definition set out in §1B1.1, Application Note (E).

(3) The instant offense of conviction is a serious drug trafficking offense. This case did not involve any controlled substances.

(4) The defendant has either the following: (A) more than one criminal history point, as determined under Chapter four (Criminal History and Criminal Livelihood) before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category; or (B) a prior federal or state felony conviction, or any other significant prior criminal behavior, regardless of whether the conviction or significant prior criminal behavior is countable under Chapter Four."
According to the PSR, Mrs. Cooley does not have any criminal history points, no prior federal or state convictions, or any prior significant criminal behavior.

Mrs. Cooley is not prohibited from a Downward Departure based on §5K2.2(c).

Mrs. Cooley's case presents an almost textbook example of aberrant behavior. At 58 years old, she has no criminal history. She is by all accounts a law-abiding citizen, who has never been accused of anything like this in the past. Her actions in this case are out of character for her and contrary to everything she has done throughout her career as a correctional officer.

5

We respectfully submit that a downward departure is warranted in this extraordinary case. We move the Court to depart downward to a level that would be consistent with the government's recommendation, the stipulated sentence in the plea agreement.

Respectfully submitted this the 9th day of April, 2025.

*/s/ Electronic Signature*
MICHAEL W. WHISONANT, SR

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, the foregoing Notice was filed electronically with the Clerk of the Court, Northern District of Alabama, using the CM/ECF system to send notification of such filing.

*/s/ Electronic Signature*
MICHAEL W. WHISONANT, SR.
Attorney at Law


Of Counsel
Jaffe, Hanle, Whisonant & Knight, P.C.
2320 Arlington Ave. South
Birmingham, Alabama 35205
(O) (205)-930-9800
(C) (205) 903-9019